

CJ
3-27-19

LEP/SRD USAO#2017R00088

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : **UNDER SEAL** |
| | : |
| **v.** | : |
| | : **Criminal No.** $ELH-19-0158$ |
| **OWEN NESMITH,** | : |
| **PATRICIA MCDANIEL,** | : **(Racketeering, 18 U.S.C. § 1962(c);** |
| **JANEL GRIFFIN,** | : **Conspiracy to Distribute Narcotics, 21** |
| **ROBERT DOGGETT,** | : **U.S.C. § 846; Possession with Intent to** |
| **RICKY MCNEELY,** | : **Distribute Narcotics, 21 U.S.C. § 841;** |
| **JOSEPH NWANCHA,** | : **Deprivation of Rights Under Color of** |
| **COREY ALSTON, a/k/a "C,"** | : **Law, 18 U.S.C. § 242; False Statement,** |
| **JERRARD BAZEMORE, a/k/a "Tic,"** | : **18 U.S.C. § 1001(a)(2); Aiding and** |
| **IRVING HERNANDEZ, a/k/a "Irvin,"** | : **Abetting, 18 U.S.C. § 2; Forfeiture, 21** |
| **TODD HOLLOWAY, a/k/a "J,"** | : **U.S.C. § 853)** |
| **SCHVEL MACK, a/k/a "Weezy," a/k/a** | : |
| **"L Weezy,"** | : |
| **LARNELL MEGGINSON, a/k/a "Julio,"** | : |
| **TAVON PRICE, a/k/a "Tay,"** | : |
| **ALDON ALSTON,** | : |
| **ASHLEY ALSTON,** | : |
| **TYIRISHA JOHNSON,** | : |
| **JAMIA LAWSON, a/k/a "Mia,"** | : |
| **JERRELL MCNEILL, a/k/a "Rell,"** | : |
| **INDIA PARKER, and** | : |
| **LEKEAH PENDLETON, a/k/a "Keah,"** | : |
| | : |
| **Defendants.** | : |

## INDICTMENT

## COUNT ONE
### (Racketeering)

The Grand Jury for the District of Maryland charges that at all times relevant to this Indictment:

## The Enterprise

1.     The Maryland Correctional Institute Jessup (MCIJ) was a Maryland Department of Public Safety and Correctional Services (DPSCS) prison operated since 1981 in Jessup, Maryland, in Anne Arundel County.

2.     MCIJ was a medium security prison that housed approximately 1,100 male inmates with 262 custody staff or correctional officers (COs) and 52 non-custody staff to include case management, medical, and administrative staff.  The facility consists of eight housing units, housing approximately 128 inmates each, and one dormitory unit housing 58 inmates.  The housing units were further broken down into east and west pods and upper and lower levels.

3.     Maryland law defines "contraband" as "any item, material, substance, or other thing that: (1) is not authorized for inmate possession by the managing official; or (2) is brought into the correctional facility in a manner prohibited by the managing official."  MD. CODE ANN., Crim. Law § 9-410.  Further, under Maryland law, a person may not, "(1) deliver any contraband to a person detained or confined in a place of confinement; (2) possess any contraband with intent to deliver it to a person detained or confined in a place of confinement; or (3) knowingly possess contraband in a place of confinement."  MD. CODE ANN., Crim. Law § 9-412.

4.     Correctional Officers received annual training in ethics and professionalism. COs

are taught that:

> Inappropriate relationships with inmates can include bribery, conflicts of interest, solicitation and acceptance of gifts, the offering of gifts, favors and services to inmates, ex-inmates, relatives of inmates, improper contact or failure to report contact with inmates, ex-inmates, relatives or friends and the appearance of inappropriate relationships.

According to the Correctional Officer's Handbook,

> The illegal possession and/or use of any controlled substance and/or controlled paraphernalia while on or off duty is strictly prohibited…. An employee may not possess or convey contraband into an institution or onto institutional property.

5.     MCIJ constituted an "enterprise," as defined in Title 18, United States Code,

Section 1961(4). MCIJ engaged in, and its activities affected, interstate commerce.

## Purpose of the Enterprise

6.     The primary purpose of MCIJ was the safe confinement, supervision, and

rehabilitation of felons in the State of Maryland. Correctional officers and other employees have

a duty to further the legitimate purpose of MCIJ by ensuring that inmates follow the rules

enacted for their health and safety and the health and safety of prison employees and the larger

community, including the prohibition of criminal activity while incarcerated.

## Purpose of the Defendants

7.     The purpose of the defendants included:

> a. for correctional officers (CO), employee, and contract employee defendants,
>
> using their official positions at MCIJ to enrich themselves by trafficking items
>
> prohibited by the prison, i.e. contraband including narcotics, cell phones,
>
> tobacco, and unauthorized flash drives; engage in sexual relations with the
>
> inmates; and subvert the safe and proper administration of the prison by,

3

among other things, preventing inmates from communicating with prison administration about corruption at MCIJ and retaliating against inmates that sought to provide information to the prison administration about corruption at MCIJ.

b. for inmate defendants to corrupt correctional officer and contract employees by offering them money and other things of value in exchange for smuggling contraband into MCIJ and transporting illegal contraband within MCIJ; and to enrich themselves by trafficking in items prohibited by the prison, i.e. contraband including narcotics, cell phones, tobacco, and unauthorized flash drives.

c. For all defendants to violate the legitimate purposes of MCIJ to further their illegal scheme and create a culture of corruption and lawlessness inside the prison that would allow them to continue their criminal activity and expand the defendants' criminal operations.

## **The Defendants**

### Correctional Officers, Employees, and Contractors

8.     The CO, employee, and contractor defendants abused their positions of trust as sworn officers and contractors of DPSCS by trafficking contraband, including narcotics, cell phones, and tobacco, in exchange for bribes; engaging in sexual relations with the inmates; and subverting the safe and proper administration of the prison by, among other things, preventing inmates from communicating with prison administration about corruption at MCIJ and retaliating against inmates that sought to provide information to the prison administration about corruption at MCIJ. The following defendants were COs, employees, or contractors assigned to MCIJ for

4

some or all of the time charged in this Indictment or smuggled contraband to inmates housed at

MCIJ for some or all of the time charged in this Indictment:

     a. **OWEN NESMITH, Correctional Officer Lieutenant**
     b. **PATRICIA MCDANIEL, Correctional Dietary Officer**
     c. **JANEL GRIFFIN, Correctional Officer**
     d. **ROBERT DOGGETT, Case Manager Employee**
     e. **RICKY MCNEELY, Contract Exterminator**
     f. **JOSEPH NWANCHA, Contract Nurse**

Inmates

9.     The inmate defendants corrupted correctional officer and employees by offering

them money and other things of value in exchange for smuggling contraband into MCIJ and

transporting it within MCIJ. The inmate defendants enriched themselves by trafficking

contraband, including narcotics, cell phones, tobacco, and unauthorized flash drives to other

inmates. The following defendants were inmates housed at MCIJ for some or all of the period

charged in this Indictment:

     a. **COREY ALSTON, a/k/a "C"**
     b. **JERRARD BAZEMORE, a/k/a "Tic"**
     c. **IRVING HERNANDEZ, a/k/a "Irvin"**
     d. **TODD HOLLOWAY, a/k/a "J"**
     e. **SCHVEL MACK, a/k/a "Weezy," a/k/a "L Weezy,"**
     f. **LARNELL MEGGINSON, a/k/a "Julio"**
     g. **TAVON PRICE, a/k/a "Tay"**

Facilitators

10.     The outside facilitator defendants participated in unlawful activities in furtherance

of the employee, contractor, and inmates' purposes by procuring and transporting narcotics, cell

phones, and tobacco to employees and paying bribes to employees and contractors to smuggle

the contraband items into MCIJ for distribution by inmates. The following defendants acted as

facilitators of the criminal activities of the employees, contractors, and inmates:

    a.  **ALDON ALSTON**
    b.  **ASHLEY ALSTON**
    c.  **TYIRISHA JOHNSON**
    d.  **JAMIA LAWSON, a/k/a "Mia"**
    e.  **JERRELL MCNEILL, a/k/a "Rell"**
    f.  **LEKEAH PENDLETON, a/k/a "Keah"**

### Means and Methods of the Defendants

11.     Among the means and methods by which the defendants and others pursued their illegal purposes were the following:

12.     Defendants conspired to smuggle contraband including narcotics, cell phones, tobacco, and unauthorized flash drives into the prison in order to enrich themselves and protect and expand the defendants' criminal operation.

13.     Defendant COs, employees, and contractors accepted or agreed to accept payments from facilitators and/or inmates or engaged in sexual relations with inmates as consideration for smuggling contraband into MCIJ.

14.     Defendants conspired to traffic in narcotics within MCIJ including heroin, fentanyl, cocaine, MDMA, commonly referred to as "molly," buprenorphine, commonly referred to by trade name "Suboxone," a prescription opioid used to treat heroin addiction but abused by inmates, marijuana and synthetic marijuana, commonly referred to as "K2," and other contraband including cell phones and tobacco.

15.     Defendants possessed contraband including narcotics, cell phones, tobacco, and unauthorized flash drives inside and outside of the prison with the intent to distribute and sell them in order to protect and expand the defendants' criminal operation.

16.     Inmates acted as both wholesalers and retailers of contraband and in the process made profits that far exceeded the profits that could be made by selling similar drugs on the

street. For example, defendant inmates could purchase Suboxone strips for approximately $10 each and sell them inside MCIJ for at least $50 each, a profit of more than 1,000 percent.

17.     Defendant COs, employees, and contractors smuggled contraband into MCIJ. Although required to pass though screening, COs, employees, and contractors were able to hide contraband on their persons including, in their hair, clothing, underwear and internally.  Further, COs, employees, and contractors took breaks during their shifts and returned to their cars to retrieve contraband.

18.     Inside the facility, defendant COs, employees, and contractors delivered contraband to inmates  in their cells; at the medical facility; in the kitchens during routine deliveries; in private offices where inmates and staff interacted; and at pre-arranged "stash" locations like the library, among other locations.

19.     Inside the facility, defendant inmates who had jobs that allowed them to move throughout the prison, commonly referred to as "working men," took orders for contraband from inmates, provided orders to corrupt COs, employees, and contractors, and delivered contraband to inmates.

20.     Defendant COs had sexual relationships with defendant inmates. Defendant COs exchanged sex for contraband.  In addition, these sexual relationships facilitated the smuggling and trafficking relationships between COs and inmates.

21.     Inmates and facilitators paid COs, employees, and contractors for smuggled contraband in cash, money orders, Green Dot cards, using PayPal, and other forms of electronic payments.  Inmate defendants were able to use contraband cell phones to pay COs, employees, and contractors directly using Green Dot and PayPal from within MCIJ or had the assistance of

7

facilitators. Inmate defendants also received payments from inmates for contraband through PayPal and Green Dot, often with the assistance of facilitators.

22.     Defendants used cell phones to communicate with one another and coordinate contraband smuggling and trafficking activities. Defendant COs, employees, and contractors also used cell phones for contraband smuggling purposes.

23.     Defendant COs, employees, and contractors warned inmate defendants about activities inside the prison so that inmates defendants could hide contraband or pass it to other inmates. Defendants used and/or threatened violence to obtain contraband once it was smuggled into the facility, to ensure that contraband that was paid for by an inmate was delivered to that inmate, and to retaliate against inmates that provided information or attempted to provide information to the prison administration about contraband smuggling activities or otherwise interfered with their contraband trafficking activities.

8

## The Racketeering Violation

24.     Beginning at a date unknown to the Grand Jury, but at least by 2014, through on or

about the date of this Indictment, in the District of Maryland and elsewhere, the defendants,

**OWEN NESMITH,**
**PATRICIA MCDANIEL,**
**JANEL GRIFFIN,**
**ROBERT DOGGETT,**
**RICKY MCNEELY,**
**JOSEPH NWANCHA,**
**COREY ALSTON, a/k/a "C,"**
**JERRARD BAZEMORE, a/k/a "Tic,"**
**IRVING HERNANDEZ, a/k/a "Irvin,"**
**TODD HOLLOWAY, a/k/a "J,"**
**SCHVEL MACK, a/k/a "Weezy," a/k/a "L Weezy,"**
**LARNELL MEGGINSON, a/k/a "Julio,"**
**TAVON PRICE, a/k/a "Tay"**
**ALDON ALSTON,**
**ASHLEY ALSTON,**
**TYIRISHA JOHNSON,**
**JAMIA LAWSON, a/k/a "Mia,"**
**JERRELL MCNEILL, a/k/a "Rell," and**
**LEKEAH PENDLETON, a/k/a "Keah"**

each being a person employed by and associated with MCIJ, an enterprise which engaged in, and

the activities of which affected, interstate and foreign commerce, unlawfully and knowingly

conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise

through a pattern of racketeering activity.

### **The Pattern of Racketeering Activity**

25. The pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

### a. **DEFENDANT OWEN NESMITH**

#### RACKETEERING ACT ONE
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2014, to in or about January 2018, in the District of Maryland, then-Lieutenant **OWEN NESMITH**, the Defendant, as an employee of the State of Maryland, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree, with others known and unknown to the Grand Jury, to wrongfully demand and receive a bribe, fee, and reward to influence the performance of the official duties of the Defendant, and neglect and fail to perform the official duties of the Defendant.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

#### RACKETEERING ACT TWO
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2014, to in or about January 2018, in the District of Maryland, the Defendant, **OWEN NESMITH**, did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; and a quantity or mixture of a substance containing a

10

detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### b. **DEFENDANT PATRICIA MCDANIEL**

#### RACKETEERING ACT THREE
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about October 2017, in the District of Maryland, the Defendant, **PATRICIA MCDANIEL**, as an employee of the State of Maryland, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree, with others known and unknown to the Grand Jury, to wrongfully demand and receive a bribe, fee, and reward to influence the performance of the official duties of the Defendant, and neglect and fail to perform the official duties of the Defendant.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

#### RACKETEERING ACT FOUR
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about September 2017, in the District of Maryland, the Defendant, **PATRICIA MCDANIEL**, did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of heroin, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a quantity or

11

mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a

K2, also known as ADB-FUBINACA, a Schedule I controlled substance; a quantity or mixture

of a substance containing a detectable amount of Methylenedioxymethamphetamine, also known

as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### RACKETEERING ACT FIVE
(Possession with Intent to Distribute Controlled Substances)

On or about September 17, 2017, in the District of Maryland, the Defendant, **PATRICIA**

**MCDANIEL**, knowingly and intentionally possessed with intent to distribute a quantity of a

mixture or substance containing a detectable amount of heroin, a Schedule I controlled

substance; a quantity of a mixture or substance containing a detectable amount of fentanyl, a

Schedule II controlled substance; a detectable amount of buprenorphine, also known as

Suboxone, a Schedule III controlled substance; and a quantity or mixture of a substance

containing a detectable amount of synthetic cannabinoid, also known as a K2, also known as

ADB-FUBINACA, a Schedule I controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

#### c. **DEFENDANT JANEL GRIFFIN**

### RACKETEERING ACT SIX
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the

date of this Indictment, in the District of Maryland, the Defendant, **JANEL GRIFFIN**, as an

employee of the State of Maryland, did knowingly, intentionally, and unlawfully combine,

conspire, confederate, and agree, with others known and unknown to the Grand Jury, to

wrongfully demand and receive a bribe, fee, and reward to influence the performance of the

official duties of the Defendant, and neglect and fail to perform the official duties of the
Defendant.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

### RACKETEERING ACT SEVEN
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the
date of this Indictment, in the District of Maryland, the Defendant, **JANEL GRIFFIN**, did
knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others
known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and
possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone,
a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable
amount of cocaine base, a Schedule II controlled substance; a quantity or mixture of a substance
containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I
controlled substance; a quantity or mixture of a substance containing a detectable amount of
oxycodone, also known as Percocet, a Schedule II controlled substance; a quantity or mixture of
a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as
molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### d. **DEFENDANT ROBERT DOGGETT**

### RACKETEERING ACT EIGHT
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2016, to in or about the
date of this Indictment, in the District of Maryland, the Defendant, **ROBERT DOGGETT**, as an
employee of the State of Maryland, did knowingly, intentionally, and unlawfully combine,

13

conspire, confederate, and agree, with others known and unknown to the Grand Jury, to wrongfully demand and receive a bribe, fee, and reward to influence the performance of the official duties of the Defendant, and neglect and fail to perform the official duties of the Defendant.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

### RACKETEERING ACT NINE
(Money Laundering Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2016, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **ROBERT DOGGETT**, did combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit, money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), the elements of which are to knowingly conduct a financial transaction affecting interstate and foreign commerce that involved the proceeds of a specified unlawful activity, that is, bribery, in violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, that is bribery, in violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is bribery, in violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

In violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 2.

14

e. **DEFENDANT RICKY MCNEELY**

## RACKETEERING ACT TEN
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about June

2017, in the District of Maryland, the Defendant, **RICKY MCNEELY**, did knowingly,

intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and

unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess

with intent to distribute a quantity or mixture of a substance containing a detectable amount of

heroin, a Schedule I controlled substance; a detectable amount of buprenorphine, also known as

Suboxone, a Schedule III controlled substance; quantity or mixture of a substance containing a

detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled

substance.

In violation of 21 U.S.C. § 846.

## RACKETEERING ACT ELEVEN
(Possession with Intent to Distribute a Controlled Substance)

On or about June 19, 2017, in the District of Maryland, the Defendant, **RICKY**

**MCNEELY**, knowingly and intentionally possessed with intent to distribute a detectable amount

of buprenorphine, also known as Suboxone, a Schedule III controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

f. **DEFENDANT JOSEPH NWANCHA**

## RACKETEERING ACT TWELVE
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about

December 2017, in the District of Maryland, the Defendant, **JOSEPH NWANCHA**, did

knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others

15

known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of heroin, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of cocaine base, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of oxycodone, also known as Percocet, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### RACKETEERING ACT THIRTEEN
(Possession with Intent to Distribute a Controlled Substance)

On or about November 28, 2017, in the District of Maryland, the Defendant, **JOSEPH NWANCHA**, knowingly and intentionally possessed with intent to distribute a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as K2, also known as FUB-AMB, a Schedule I controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

### RACKETEERING ACT FOURTEEN
(Honest Services Fraud)

Beginning at a date unknown to the Grand Jury, but at least by 2017 to on or about November 28, 2017, in the District of Maryland and elsewhere, the defendant, **JOSEPH NWANCHA**, did knowingly devise a scheme and artifice to defraud and deprive his employer,

16

Wexford Health Sources, Inc., as well as the Maryland Correctional Institute of Corrections at Jessup ("MCIJ"), of their right to the honest and faithful services of **NWANCHA** through bribery and kickbacks and the concealment of material information relating to **NWANCHA's** agreement to smuggle contraband into MCIJ, and for the purpose of executing that scheme to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signals, and sounds, to wit, funds wired to accounts controlled by **NWANCHA** in exchange for contraband smuggling.

In violation of 18 U.S.C. §§ 1343 and 1346.

### g. **DEFENDANT COREY ALSTON, a/k/a "C"**

#### RACKETEERING ACT FIFTEEN
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **COREY ALSTON, a/k/a "C,"** did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree, with others known and unknown to the Grand Jury, to bribe a public employee to influence the public employee in the performance of an official duty of the public employee and to neglect and fail to perform the official duties of the public employee.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

#### RACKETEERING ACT SIXTEEN
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **COREY ALSTON, a/k/a/ "C,"** did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to

17

distribute and possess with intent to distribute a detectable amount of buprenorphine, also known

as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing

a detectable amount of cocaine base, a Schedule II controlled substance; a quantity or mixture of

a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a

Schedule I controlled substance; a quantity or mixture of a substance containing a detectable

amount of oxycodone, also known as Percocet, a Schedule II controlled substance; a quantity or

mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine, also

known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### h. **DEFENDANT JERRARD BAZEMORE, a/k/a "Tic"**

#### RACKETEERING ACT SEVENTEEN
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the

date of this Indictment, in the District of Maryland, the Defendant, **JERRARD BAZEMORE,**

**a/k/a "Tic,"** did knowingly, intentionally, and unlawfully combine, conspire, confederate, and

agree, with others known and unknown to the Grand Jury, to bribe a public employee to

influence the public employee in the performance of an official duty of the public employee and

to neglect and fail to perform the official duties of the employee.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

#### RACKETEERING ACT EIGHTEEN
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the

date of this Indictment, in the District of Maryland, **JERRARD BAZEMORE, a/k/a "Tic,"** the

Defendant, did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and

18

agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of heroin, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### i. **DEFENDANT IRVING HERNANDEZ, a/k/a "Irvin"**

#### RACKETEERING ACT NINETEEN
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to on or about November 28, 2017, in the District of Maryland, the Defendant, **IRVING HERNANDEZ, a/k/a "Irvin,"** did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of cocaine base, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of oxycodone, also known as Percocet, a Schedule II controlled substance.

In violation of 21 U.S.C. § 846.

19

RACKETEERING ACT TWENTY
(Honest Services Fraud)

Beginning at a date unknown to the Grand Jury, but at least by 2017, in the District of

Maryland and elsewhere, the defendant, **IRVING HERNANDEZ, a/k/a "Irvin,"** did knowingly

devise and intend to devise a scheme and artifice to defraud and deprive Wexford Health

Sources, Inc., as well as the Maryland Correctional Institute of Corrections at Jessup ("MCIJ"),

of the right to the honest and faithful services of **JOSEPH NWANCHA** through bribery and

kickbacks and the concealment of material information relating to **NWANCHA's** agreement to

smuggle contraband into MCIJ, and for the purpose of executing that scheme to defraud, did

transmit and cause to be transmitted by means of wire communication in interstate commerce,

writings, signals, and sounds, to wit, funds wired to accounts controlled by **NWANCHA** in

exchange for contraband smuggling.

In violation of 18 U.S.C. §§ 1343 and 1346, and 18 U.S.C. § 2.

## j. **DEFENDANT TODD HOLLOWAY, a/k/a "J"**

### RACKETEERING ACT TWENTY ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the

date of this Indictment, in the District of Maryland, the Defendant, **TODD HOLLOWAY, a/k/a**

**"J,"** did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree

with others known and unknown to the Grand Jury, to distribute and possess with intent to

distribute a quantity or mixture of a substance containing a detectable amount of heroin, a

Schedule I controlled substance; a detectable amount of buprenorphine, also known as

Suboxone, a Schedule III controlled substance; quantity or mixture of a substance containing a

20

detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance, as defined in Title 21, United States Code, Section 841(a)(1).

In violation of 21 U.S.C. § 846.

## RACKETEERING ACT TWENTY TWO
(Attempted Possession with Intent to Distribute a Controlled Substance)

On or about June 19, 2017, in the District of Maryland, the Defendant, **TODD HOLLOWAY**, knowingly and intentionally attempted to possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance, as defined in Title 21, United States Code, Section 841(a)(1).

In violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

## k. **DEFENDANT SCHVEL MACK, a/k/a "Weezy," a/k/a "L Weezy"**

### RACKETEERING ACT TWENTY THREE
(Honest Services Fraud)

Beginning at a date unknown to the Grand Jury, but at least by 2017, in the District of Maryland and elsewhere, the defendant, **SCHVEL MACK, a/k/a "L Weezy,"** did knowingly devise and intend to devise a scheme and artifice to defraud and deprive Wexford Health Sources, Inc., as well as the Maryland Correctional Institute of Corrections at Jessup ("MCIJ"), of the right to the honest and faithful services of **JOSEPH NWANCHA** through bribery and kickbacks and the concealment of material information relating to **NWANCHA's** agreement to smuggle contraband into MCIJ, and for the purpose of executing that scheme to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signals, and sounds, to wit, funds wired to accounts controlled by **NWANCHA** in exchange for contraband smuggling.

In violation of 18 U.S.C. §§ 1343 and 1346, and 18 U.S.C. § 2.

21

### RACKETEERING ACT TWENTY FOUR
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **SCHVEL MACK, a/k/a "Weezy," a/ka/ "L Weezy,"** did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of cocaine base, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of oxycodone, also known as Percocet, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as molly.

In violation of 21 U.S.C. § 846.

### l. **LARNELL MEGGINSON, a/k/a "Julio"**

### RACKETEERING ACT TWENTY FIVE
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **LARNELL MEGGINSON, a/k/a "Julio,"** did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree, with others known and unknown to the Grand Jury, to bribe a public employee to influence the public employee in the performance of an official duty of the public employee and

to neglect and fail to perform the official duties of the public employee.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

## RACKETEERING ACT TWENTY SIX
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **LARNELL MEGGINSON, a/k/a "Julio,"** did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of heroin, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### m. **TAVON PRICE, a/k/a "Tay"**

## RACKETEERING ACT TWENTY SEVEN
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **TAVON PRICE, a/k/a/ "Tay,"** did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree, with others known and unknown to the Grand Jury, to bribe a public employee to influence the

23

public employee in the performance of an official duty of the public employee and to neglect and fail to perform the official duties of the public employee.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

### RACKETEERING ACT TWENTY EIGHT
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **TAVON PRICE, a/k/a "Tay,"** did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of heroin, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### n. **DEFENDANT ALDON ALSTON**

### RACKETEERING ACT TWENTY NINE
(Honest Services Fraud)

Beginning at a date unknown to the Grand Jury, but at least by 2017, in the District of Maryland and elsewhere, the defendant, **ALDON ALSTON,** did knowingly devise and intend to devise a scheme and artifice to defraud and deprive Wexford Health Sources, Inc., as well as the

24

Maryland Correctional Institute of Corrections at Jessup ("MCIJ"), of the right to the honest and faithful services of **JOSEPH NWANCHA** through bribery and kickbacks and the concealment of material information relating to **NWANCHA's** agreement to smuggle contraband into MCIJ, and for the purpose of executing that scheme to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signals, and sounds, to wit, funds wired to accounts controlled by **NWANCHA** in exchange for contraband smuggling.

In violation of 18 U.S.C. §§ 1343 and 1346, and 18 U.S.C. § 2.

## RACKETEERING ACT THIRTY
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **ALDON ALSTON**, did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of cocaine base, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of oxycodone, also known as Percocet, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

o. **DEFENDANT ASHLEY ALSTON**

RACKETEERING ACT THIRTY ONE
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the

date of this Indictment, in the District of Maryland, the Defendant, **ASHLEY ALSTON**, did

knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree, with others

known and unknown to the Grand Jury, to bribe a public employee to influence the public

employee in the performance of an official duty of the public employee and to neglect and fail to

perform the official duties of the public employee.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

RACKETEERING ACT THIRTY TWO
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the

date of this Indictment, in the District of Maryland, **ASHLEY ALSTON**, the Defendant, did

knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others

known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and

possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone,

a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable

amount of cocaine base, a Schedule II controlled substance; a quantity or mixture of a substance

containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I

controlled substance; a quantity or mixture of a substance containing a detectable amount of

oxycodone, also known as Percocet, a Schedule II controlled substance; a quantity or mixture of

26

a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### p. **DEFENDANT TYIRISHA JOHNSON**

#### RACKETEERING ACT THIRTY THREE
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **TYIRISHA JOHNSON**, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree, with others known and unknown to the Grand Jury, to bribe a public employee to influence the public employee in the performance of an official duty of the public employee and to neglect and fail to perform the official duties of the public employee.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

#### RACKETEERING ACT THIRTY FOUR
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, **TYIRISHA JOHNSON**, the Defendant, did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of cocaine base, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of

27

oxycodone, also known as Percocet, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### q. **DEFENDANT JAMIA LAWSON, a/k/a "Mia"**

#### RACKETEERING ACT THIRTY FIVE
(Honest Services Fraud)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to on or about November 28, 2017, in the District of Maryland and elsewhere, the defendant, **JAMIA LAWSON, a/k/a "Mia,"** did knowingly devise and intend to devise a scheme and artifice to defraud and deprive Wexford Health Sources, Inc., as well as the Maryland Correctional Institute of Corrections at Jessup ("MCIJ"), of their right to the honest and faithful services of **JOSEPH NWANCHA** through bribery and kickbacks and the concealment of material information relating to **NWANCHA's** agreement to smuggle contraband into MCIJ, and for the purpose of executing that scheme to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signals, and sounds, to wit, funds wired to accounts controlled by **NWANCHA** in exchange for contraband smuggling.

In violation of 18 U.S.C. §§ 1343 and 1346, and 18 U.S.C. § 2.

#### RACKETEERING ACT THIRTY SIX
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, **JAMIA LAWSON, a/k/a/ "Mia,"** the Defendant, did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to

28

wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of cocaine base, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of oxycodone, also known as Percocet, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### r. **DEFENDANT JERRELL MCNEILL, a/k/a "Rell"**

#### RACKETEERING ACT THIRTY SEVEN
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **JERRELL MCNEILL, a/k/a "Rell,"** did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree, with others known and unknown to the Grand Jury, to bribe a public employee to influence the public employee in the performance of an official duty of the public employee and to neglect and fail to perform the official duties of the public employee.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

#### RACKETEERING ACT THIRTY EIGHT
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **JERRELL MCNEILL, a/k/a/ "Rell,"** did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and

agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of heroin, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

### s. **DEFENDANT LEKEAH PENDLETON, a/k/a "Keah"**

#### RACKETEERING ACT FORTY ONE
(Bribery Conspiracy)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **LEKEAH PENDLETON, a/k/a "Keah"**, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree, with others known and unknown to the Grand Jury, to bribe a public employee to influence the public employee in the performance of an official duty of the public employee and to neglect and fail to perform the official duties of the public employee.

In violation of MD. CODE ANN., Crim. L. § 1-203 and § 9-201.

#### RACKETEERING ACT FORTY TWO
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning at a date unknown to the Grand Jury, but at least by 2017, to in or about the date of this Indictment, in the District of Maryland, the Defendant, **LEKEAH PENDLETON,**

30

**a/k/a "Keah,"** did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing a detectable amount of heroin, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance; a quantity or mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine, also known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

## COUNT TWO
### (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and

incorporated by reference as though fully set forth herein.

2.      Beginning at a date unknown to the Grand Jury, but at least by 2017, through on

or about the date of this Indictment, in the District of Maryland and elsewhere, the defendants,

**PATRICIA MCDANIEL,**
**JERRARD BAZEMORE, a/k/a "Tic,"**
**LARNELL MEGGINSON, a/k/a "Julio,"**
**TAVON PRICE, a/k/a "Tay"**
**JERRELL MCNEILL, a/k/a "Rell,"**
**INDIA PARKER, and**
**LEKEAH PENDLETON, a/k/a "Keah,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with

others known and unknown to the Grand Jury to violate 21 U.S.C. § 841(a)(1), to wit, to

distribute and possess with intent to distribute a detectable amount of buprenorphine, also known

as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing

a detectable amount of heroin, a Schedule I controlled substance; a quantity or mixture of a

substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a

quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also

known as a K2, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

32

## COUNT THREE
### (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and

incorporated by reference as though fully set forth herein.

2.     Beginning at a date unknown to the Grand Jury, but at least by 2017, through on

or about the date of this Indictment, in the District of Maryland and elsewhere, the defendants,

**JANEL GRIFFIN,**
**JOSEPH NWANCHA,**
**COREY ALSTON, a/k/a "C,"**
**IRVING HERNANDEZ, a/k/a "Irvin,"**
**SCHVEL MACK a/k/a "Weezy," a/k/a "L Weezy,"**
**ALDON ALSTON,**
**ASHLEY ALSTON,**
**JAMIA LAWSON, a/k/a "Mia," and**
**TYIRISHA JOHNSON,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with

others known and unknown to the Grand Jury to violate 21 U.S.C. § 841(a)(1), to wit, to

distribute and possess with intent to distribute a detectable amount of buprenorphine, also known

as Suboxone, a Schedule III controlled substance; a quantity or mixture of a substance containing

a detectable amount of cocaine base, a Schedule II controlled substance; a quantity or mixture of

a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a

Schedule I controlled substance; a quantity or mixture of a substance containing a detectable

amount of oxycodone, also known as Percocet, a Schedule II controlled substance; a quantity or

mixture of a substance containing a detectable amount of Methylenedioxymethamphetamine,

also known as molly, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

## COUNT FOUR
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

3. Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

4. Beginning at a date unknown to the Grand Jury, but at least by 2017, through on or about the date of this Indictment, in the District of Maryland and elsewhere, the defendants,

### RICKY MCNEELY, and
### TODD HOLLOWAY, a/k/a "J,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to violate 21 U.S.C. § 841(a)(1), to wit, to distribute and possess with intent to distribute a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; quantity or mixture of a substance containing a detectable amount of synthetic cannabinoid, also known as a K2, a Schedule I controlled substance.

In violation of 21 U.S.C. § 846.

34

## COUNT FIVE
**(Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland charges that:

On or about June 19, 2017, in the District of Maryland, the defendant,

### RICKY MCNEELY,

knowingly and intentionally possessed with intent to distribute a mixture or substance containing

a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled

substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT SIX
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

On or about September 17, 2017, in the District of Maryland, the defendant,

### PATRICIA MCDANIEL,

knowingly and intentionally possessed with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; a quantity or mixture of a containing a detectable amount of fentanyl, a Schedule II controlled substance; a detectable amount of buprenorphine, also known as Suboxone, a Schedule III controlled substance; and a quantity or mixture of a containing a detectable amount of synthetic cannabinoid, also known as K2, also known as ADB-FUBINACA, a Schedule I controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT SEVEN
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

On or about November 28, 2017, in the District of Maryland, the defendant,

### JOSEPH NWANCHA,

knowingly and intentionally attempted possessed with intent to distribute a quantity or mixture

of a substance containing a detectable amount of synthetic cannabinoid, also known as K2, also

known as FUB-AMB, a Schedule I controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT EIGHT
### (Deprivation of Rights under Color of Law)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     In or about February 2005, in the District of Maryland, the defendant,

### OWEN NESMITH,

while acting under color of law, willfully deprived Inmate #1 of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment, which includes the right to be free from unwanted sexual assault by a corrections official. Specifically, the Defendant, a correctional officer and lieutenant at the Maryland Correctional Institute Jessup, did force Inmate #1 to perform oral sex on the Defendant by threatening and placing Inmate #1 in fear that Inmate #1 would be subjected to death and serious bodily injury. The acts constituting this offense include aggravated sex abuse and an attempt to commit aggravated sex abuse.

In violation of 18 U.S.C. § 242.

## COUNT NINE
### (Deprivation of Rights under Color of Law)

The Grand Jury for the District of Maryland further charges that:

3.     Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

4.     On or about July 22, 2015, in the District of Maryland, the defendant,

### OWEN NESMITH,

while acting under color of law, willfully deprived Inmate #2 of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment, which includes the right to be free from unwanted sexual assault by a corrections official. Specifically, the defendant, a correctional officer and lieutenant at the Maryland Correctional Institute Jessup, did grab Inmate #2's genitalia without his consent.

In violation of 18 U.S.C. § 242.

39

## COUNT TEN
### (Deprivation of Rights under Color of Law)

1.      Paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      In or about December 2017, in the District of Maryland, the defendant,

### OWEN NESMITH

while acting under color of law willfully deprived Inmate #3 of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment, which includes the right to be free from unwanted sexual assault by a corrections official. Specifically, the defendant, a correctional officer and lieutenant at the Maryland Correctional Institute Jessup, did grab Inmate #3's genitalia without his consent and did coerce Inmate #3 to allow the defendant to perform oral sex by threatening to ensure that Inmate #3 would not receive parole and by threatening to falsely allege that Inmate #3 assaulted the Defendant if Inmate #3 did not comply with the demand for oral sex.

In violation of 18 U.S.C. § 242.

## COUNT ELEVEN
**(False Statements)**

The Grand Jury for the District of Maryland charges that:

On or about October 12, 2018, in the District of Maryland, the defendant,

### OWEN NESMITH,

in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the

executive branch of the government of the United States, knowingly and willfully made a

materially false, fictitious and fraudulent statement and representation, in that he falsely claimed

(a) that he never brought drugs into the prison; (b) that he never sold drugs; and (c) that he had

never had any inappropriate relationships or sexual contact with any inmates while he was at

MCIJ

In violation of 18 U.S.C. § 1001(a)(2).

41

## FORFEITURE

### RICO Forfeiture

1.    Pursuant to Title 18, United States Code, Section 1963, upon conviction of an

offense in violation of Title 18, United States Code, Section 1962, the defendants

**OWEN NESMITH,**
**PATRICIA MCDANIEL,**
**JANEL GRIFFIN,**
**ROBERT DOGGETT,**
**RICKY MCNEELY,**
**JOSEPH NWANCHA,**
**COREY ALSTON, a/k/a "C,"**
**JERRARD BAZEMORE, a/k/a "Tic,"**
**IRVING HERNANDEZ, a/k/a "Irvin,"**
**TODD HOLLOWAY, a/k/a "J,"**
**SCHVEL MACK, a/k/a "Weezy," a/k/a "L Weezy,"**
**LARNELL MEGGINSON, a/k/a "Julio,"**
**TAVON PRICE, a/k/a "Tay"**
**ALDON ALSTON,**
**ASHLEY ALSTON,**
**TYIRISHA JOHNSON,**
**JAMIA LAWSON, a/k/a "Mia,"**
**JERRELL MCNEILL, a/k/a "Rell," and**
**LEKEAH PENDLETON a/k/a "Keah,"**

shall forfeit to the United States of America:

    a.    any interest acquired or maintained in violation of section 1962;

    b.    any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

    c.    any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 1962.

2. The interests of the defendant subject to forfeiture to the United States pursuant to 18 U.S.C. § 1963(a)(1), (a)(2), and (a)(3), include, but are not limited to a sum of money representing the amount of the gross proceeds received by the defendants derived from racketeering activity as alleged in this Superseding Indictment.

## Drug Trafficking Forfeiture

3. Pursuant to 21 U.S.C. § 853, upon the conviction of an offense in violation of 21 U.S.C. §§ 841 or 846, the defendants,

**PATRICIA MCDANIEL,**
**JANEL GRIFFIN,**
**RICKY MCNEELY,**
**JOSEPH NWANCHA,**
**COREY ALSTON, a/k/a "C,"**
**JERRARD BAZEMORE, a/k/a "Tic,"**
**IRVING HERNANDEZ, a/k/a "Irvin,"**
**TODD HOLLOWAY, a/k/a "J,"**
**SCHVEL MACK, a/k/a "Weezy," a/k/a "L Weezy,"**
**LARNELL MEGGINSON, a/k/a "Julio,"**
**TAVON PRICE, a/k/a "Tay"**
**ALDON ALSTON,**
**ASHLEY ALSTON,**
**TYIRISHA JOHNSON,**
**JAMIA LAWSON, a/k/a "Mia,"**
**JERRELL MCNEILL, a/k/a "Rell,"**
**INDIA PARKER, and**
**LEKEAH PENDLETON, a/k/a "Keah,"**

shall forfeit to the United States:

a. Any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of the offense; and

b. Any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

4. Such property shall include, but not be limited to, a sum of money equal to the proceeds obtained, directly or indirectly, as the result of the violations of 21 U.S.C. § 846, as

43

charged in Count Two of this Superseding Indictment, and all interest and proceeds traceable thereto, representing the amount of proceeds obtained as a result of the conspiracy to violate the Controlled Substances Act.

Substitute Assets

5.      If any of the property described above, as a result of any act or omission of the defendants:

        d.  cannot be located upon the exercise of due diligence;

        e.  has been transferred or sold to, or deposited with, a third party;

        f.  has been placed beyond the jurisdiction of the court;

        g.  has been substantially diminished in value; or

        h.  has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C.

§ 853(p) and 18 U.S.C. § 1963(m), as incorporated by 28 U.S.C. § 2461(c).

21 U.S.C. § 853
18 U.S.C. § 1963
28 U.S.C. § 2461(c)
18 U.S.C. § 924(d)

ROBERT K. HUR
UNITED STATES ATTORNEY

A TRUE BILL:

3/28/19

Date

SIGNATURE REDACTED

Foreperson